LESZCZYNSKI *v.* STEIN.

SHERIFFS AND CONSTABLES — WHERE ATTACHED PROPERTY TAKEN FROM CUSTODIAN BY VALID CHATTEL MORTGAGE SHERIFF NOT LIABLE.

In an action against the sheriff and his bondsman growing out of litigation in an attachment suit commenced by

plaintiff, evidence that the sheriff in said suit attached an automobile, and, with plaintiff's consent, placed it with another for safekeeping, that at the time the automobile was attached there was a chattel mortgage against it duly recorded, of which plaintiff had knowledge, and that it was taken from the custodian by an officer by virtue of said chattel mortgage, *held*, to justify a directed verdict in favor of the defendants.

Error to Wayne; Webster (Clyde I.), J. Submitted June 12, 1923. (Docket No. 33.) Decided July 19, 1923.

Case by Edward Leszczynski, assignee of the Lesinski-Leszczynski Company, against Edward F. Stein, sheriff of Wayne county, and others for conversion of an automobile. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Lynch & Lovett,* for appellant.

*Stevens T. Mason* and *Codd, Bishop & Kilpatrick* (*R. R. Weaver,* of counsel), for appellees.

MOORE, J. This is a suit against the sheriff of Wayne county and his bondsman, growing out of litigation in an attachment suit commenced by the plaintiff against one Anthony Budnik. At the conclusion of all of the testimony both parties requested a directed verdict. The trial judge was of the opinion that plaintiff had not met the burden of proof that was upon him as a plaintiff to entitle him to a verdict and directed a verdict in favor of the defendants. The case is brought here by writ of error.

In the brief of the counsel for the appellant it is said that the assignments of error all bear upon the proposition of whether the trial judge erred in directing a verdict for the defendants.

The record is in substance as follows: The plaintiff

sued by attachment Anthony Budnik to recover for a debt of $600. Before the attachment suit was commenced one of the attorneys for the plaintiff had examined the files in the city clerk's office and found duly filed therein a chattel mortgage given by Mr. Budnik to one Kerezewski. After the writ of attachment was issued it was put in the hands of a deputy sheriff to be served.

It is the claim of the plaintiff that the deputy sheriff was at this time told about the chattel mortgage. The deputy sheriff testified that he had no recollection of such a conversation, but that if he had been so told he would still have served the writ of attachment if a bond had been given him by the plaintiff. No bond was ever tendered by the plaintiff and none was ever requested.

The writ of attachment was served by taking into custody an automobile which was duly appraised at the sum of $750. The automobile was then delivered for safekeeping to the Leonard Warehouses, Inc. This was apparently done with the consent of the plaintiff, he paying the fees of the sheriff and a sum to apply on the warehouse charges. Later the mortgagee in the chattel mortgage employed a constable to take possession of the mortgaged property. The custodian of the property gave an account of what was done:

"Constable Phillips came into the office and he wanted this Abbott roadster and I asked him for his authority and he did not have any authority. So I told him that I could not release it. Well, then, he said, he would go and get authority and come back later in the day and he had a copy of a chattel mortgage that was from Anthony Budnik to a man by the name of—I cannot pronounce it. It is 'K-e-r-e-z-e-w-s-k-i' and covered this car we had in storage and on that authority I delivered the car to him."

Neither the sheriff nor the plaintiff knew of this delivery until some days later. The sheriff of course could not advertise the property for sale on an execution that was issued in favor of the plaintiff in the attachment suit against Budnik which had proceeded to judgment.

This suit was brought with the result already stated. The plaintiff insists that the trial judge improperly put the burden of proof upon him all the way through the trial, and that after the writ of attachment had been taken by the sheriff and served by attaching property, the burden was then upon the sheriff to show that the property had been legally taken from him. The record shows that the chattel mortgage with the affidavit attached had been duly filed with the city clerk according to the provisions of section 11988, 3 Comp. Laws 1915.

The original chattel mortgage was produced upon the trial. No testimony was offered by the plaintiff tending to show that the chattel mortgage was given without consideration or that it was fraudulently given or that the property covered by the mortgage exceeded in value the amount of the mortgage. Justice COOLEY, speaking for the court, discusses the relative rights of the sheriff under a writ of attachment and the mortgagee in a chattel mortgage in the case of *King* v. *Hubbell*, 42 Mich. 603. We think the trial judge was right in holding that plaintiff had not shown he was entitled to a verdict in his favor.

The judgment is affirmed, with costs to the appellees.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.